**Dennis FRANDSEN, Relator,**

v.

**COUNTY OF CHISAGO,
et al., Respondents.**

No. C6–97–965.

Supreme Court of Minnesota.

Jan. 22, 1998.

J.H. Strothman, Ansis V. Viksnins, Lindquist & Vennum, P.L.L.P., Minneapolis, for relator.

Alfred S. Alliegro, Asst. Chisago County Atty., Center City, for respondents.

## OPINION

PAGE, Justice.

Relator Dennis Frandsen filed a petition under Minn.Stat. § 278.01 (1996) challenging the January 2, 1994, property tax assessment for the property where he and his wife live. The subject property fronts on the St. Croix River in Sunrise Township, Chisago County, and consists of a 1.08 acre parcel of land and the home located on that land. Frandsen and his wife have had a life estate interest in the subject property since 1975 when, under threat of condemnation, they conveyed the property by warranty deed to the United States government. The subject property is located within and is a part of the St. Croix National Scenic Riverway and is administered by the Secretary of the Interior through the National Park Service. In challenging the assessment, both at the tax court and before this court, Frandsen contends

that the subject property is exempt from Minnesota's property tax under Minn.Stat. § 273.19, subd. 4 (1996),[1] because it meets all of the statute's requirements, including the requirement that the property be located within a national park; in the alternative, Frandsen argues that the assessor failed to assess the subject property in accordance with a valuation agreement[2] between Chisago County and Frandsen.

The tax court found that the subject property was not exempt from taxation under section 273.19, subd. 4, because it was not "located within a national park." In explaining this finding, the tax court stated, "[b]ecause this is an exemption case, we strictly construe the term 'national park' to mean only those lands located within Minnesota's only National Park—Voyageurs * * *." The tax court further held that the County lacked the authority to enter into the 1978 valuation agreement and that, in any event, the agreement was against public policy.

■ The critical question in this case is whether the subject property, which is located within and is a part of the St. Croix National Scenic Riverway, is located within "a national park" as that term is used in Minn.Stat. § 273.19, subd. 4.[3] Unfortunately, the statute itself does not define the term "a national park," nor does the federal legislation that authorizes the national park system. However, the federal legislation does give us guidance as to whether the St. Croix National Scenic Riverway is a national park.

■ While it is true that in construing a tax exemption statute we construe the statute's terms strictly, *TCF Bank Savings FSB v. Comm'r of Revenue*, 486 N.W.2d 756, 757 (Minn.1992), in this case, the tax court's reading of "a national park" is unreasonably strict. When Congress identified the purpose of the National Park System, it stated:

Congress declares that the national park system * * * has since grown to include superlative natural, historic, and recreation areas * * *; that these areas, though distinct in character, are *united through their inter-related purposes and resources into one national park system* as *cumulative expressions of a single national heritage;* that, *individually and collectively,* these areas derive increased national dignity and recognition of their superb environmental quality through their inclusion *jointly* with each other in one national park system preserved and managed for the benefit and inspiration of all the people of the United States * * *.

16 U.S.C.A. § 1a–1 (1992) (emphasis added). Congress went on to define the National Park System as "any area of land and water now or hereafter administered by the Secretary of the Interior through the National Park Service for park, monument, historic, parkway, recreational, or other purposes." 16 U.S.C.A. § 1c(a) (1992).

It is undisputed that the St. Croix National Scenic Riverway is administered by the Secretary of the Interior through the National Park Service. Thus, in light of the federal definition of the National Park System, the purpose of that system, and the fact that the St. Croix National Scenic Riverway is administered by the Secretary of the Interior through the National Park Service as part of that system, we conclude that the St. Croix National Scenic Riverway is a national park within the meaning of section 273.19, subd. 4. Absent some affirmative indication by the legislature that property, such as Frandsen's, which is a part of the St. Croix National Scenic Riverway was intended to be excluded from exemption under section 273.19, subd. 4,

1. Minnesota Statutes section 273.19, subdivision 4, provides as follows:

Property held under a lease for a term of at least one year which is owned by the United States and located within a national park shall be exempt [from taxation], provided the property was acquired by the United States by condemnation or purchased by the United States under threat of condemnation, and within a reasonable time leased back for non-commercial residential purposes to the person owning the property at the time of acquisition by the United States.

2. That agreement was memorialized in findings of fact, conclusions of law, and order for judgment filed in the tax court on September 8, 1978.

3. The parties do not dispute that all of the other requirements for exemption under the statute have been met.

because it is not located within a national park, we hold that the subject property is exempt.[4]

Reversed.

KEITH, C.J., took no part in the consideration or decision of this case.

4. Having concluded that the subject property is exempt from taxation under Minn.Stat. § 273.19, subd. 4, we need not, and therefore do not, reach Frandsen's alternative argument. Our failure to reach this issue, however, should not be read as an endorsement of the tax court's ruling that the County lacked authority to enter into the 1978 valuation agreement and that the agreement is against public policy. Indeed, we have serious concerns as to the correctness of that ruling.